Michael Steinberg is here for the Appellant Weidner, Jose Hernandez is here for the Appellee, the Commissioner, and Mr. Steinberg, you may begin. His name is actually George Weidner. Okay. It was misspelled on purpose. Okay. Thank you. May I please have the Court, Mr. Hernandez, my name is Michael Steinberg and I represent the Appellant, George Weidner. Mr. Weidner made a claim for Social Security disability benefits and in front of an Administrative Law Judge, the judge found that he was limited to sitting or sedentary work, simple routine tasks with some other restrictions. The vocational witness gave an opinion that he could do specific jobs and we appealed the case to the District Court, but before the District Court made a decision, the Commissioner moved to remand the case, recognizing there was an error from the testimony from the vocational witness. His testimony was not consistent with the information contained in the Dictionary of Occupational Titles and Selected Characteristics of Occupations. So the case goes back to the Administrative Law Judge. This time, the Administrative Law Judge said he could do light work. So the District Court didn't remand the case for a new finding as to his residual functional capacity. It remanded it for vocational testimony. But were there any factual findings in the remand order? That's the problem. That's a good question. There was no factual findings in the remand order, but the defendant and the plaintiff had no objections to the residual functional capacity findings. It was specifically remanded to address the vocational. Well, it was remanded for further consideration, right? That's what the remand order said. Is that what the remand order said? That it was remanded for further consideration? I believe, because I don't have my laptop with me. They took it. I don't have that in front of me. But I believe it was remanded to clarify the effect of the assessed limitations on the claimant's vocational base. And I think that was So if that didn't happen on remand, then there would be a violation of the mandate. Well, what they did is they changed the residual functional capacity, so it completely changed the way the case was decided. Now, this court and several other cases that I've handled, unpublished cases, said that once the court vacates the case, it wipes the slate clean. The administrative law judge can consider the case de novo. The Ninth Circuit, the case of Stacey v. Colvin, and some district court cases say that the law of the case and the rule of mandate apply in Social Security cases. So it's our position that if the court does not address the residual functional capacity, it only addresses the vocational question and sends it back to address that issue, the administrative law judge cannot change his residual functional capacity findings unless there's new and material evidence that would cause him to change the decision. I'm not sure I understand that, because if it's an issue of violating the mandate, then I would think that even if there were new evidence, it wouldn't be allowed to do that. Well, the case of Stacey v. Colvin addressed that, and they said that if there was new and material evidence, then the judge would say, well, we didn't have that at the time of the original decision. So we can change the RFC findings, but they have to put that in the decision. They have to explain why they're changing the RFC, the residual functional capacity findings. Or in that case, it was the past relevant work. I want to make sure I understand your argument. Are you arguing that the appeals board violated the district court's remand order by vacating the 2018 ALJ opinion without qualification, or are you arguing that the 2020 ALJ opinion violated some combination of the district court's remand order and the appeals board's remand order by issuing a new RFC finding? The 2020 decision was an error in not complying with the court's remand order to address the, what I'm going to say, to only address the vocational issue and not to reconsider the whole case. Well, but did the courts, so you're saying a combination of those two, I guess, would be your answer to my question? I'm sorry, did you say that again? You're saying a combination of those two would be the answer to my question? Because I'd ask whether the problem was the appeals board violating the district court's remand order, right? Or the 2020 ALJ opinion violating the combination of the remand order and the appeals board's remand order. Okay, so what I'm saying is that the district court remanded the case to only address the vocational issue. Although, I think the mandate line itself, I think, said reconsider the case. But you were saying the kind of opinion indicated that that remand would be limited? Right, the motion of the PLE was to assess the limitations on the claimant's vocational base. So the motion and the order of the court, the clear intent was only to address the vocational issue, not to address the case de novo. So what about the fact that the opinion didn't say that? The opinion didn't say we vacate only with respect to this particular aspect? You know, I don't have that in front of me right this second. But my recollection was that there was a motion by the PLE to remand the case to assess the limitations on the claimant's occupational base. And that the court entered an order pursuant to that motion. So the order remanded is the district court's order and not the appeals council's decision, right? Right. Okay. Now, in the several cases, Zaniga and Alicia, this court, an unpublished case, has said that basically the law of the case and the rule of mandate doesn't apply in Social Security cases, that once the district court vacates the ALJ decision, it wipes the slate clean and the judge can, ALJ can make any findings they want. I think those are two different things, though. I think the mandate rule can and the law of the case can apply, but it's also possible that a remand order can be so broad that those rules wouldn't have effect in a particular case, right? That's correct. So why couldn't it be that the order here was broad enough that it appropriately vacated the entire ALJ ruling and left those questions open versus you could never issue a more limited remand? This was Sandbag, the planner. The appellee files a motion to remand to reconsider the limitations on the claimant's occupational base. So that was their motion. We say okay, and then the court enters an order. We both are assuming that that's what the court intended by agreeing to the motion of the defendant. We shouldn't have to say we object to their motion because, I mean, there was nothing to object to. The court obviously was granting the motion based on their motion. I don't know if that makes sense, but maybe the court should have, we could have asked the court to be more specific or reconsider their order, but I think both of us knew that that was the intent of the court is to remand it for the vocational testimony, not to just do the whole thing. How much does it matter, though, that this was an agreed remand? I mean, it just seems, because the district court didn't do any analysis, right, about the errors in the ALJ's opinion, or am I misunderstanding that? No, they didn't do any analysis, and I think the reason this came up was there was another case before the 11th Circuit that said that, I think it's the Viverette case, that said that the measure in the law has to comply with 004P, which was a ruling, and I think that came about. Yeah, actually, I think Judge Wilson and I may have been on that panel. I can't remember the Viverette case. It came up in the interim, and I know my time is up, but that came up in the interim, and then the defendant said, oh, well, because there was a conflict between the testimony of the VE and the DOT and the selected characters of occupations, we're going to have to concede that this needs to be sent back for a new decision. Now, but really, I think the issue in this case is, does the rule of mandate in the law of the case apply in social security cases, or when the district court remands the case, even if they said specifically to address the vocational testimony only, whether it still wipes the slate clean and the ALJ can do whatever they want at all. All right. You've reserved some time, Mr. Steinberg and Mr. Hernandez. May I please report? I'm Jose Hernandez on behalf of the Acting Commissioner of Social Security. The procedural history of this case, we had an original ALJ decision that covered the time period of February 2016 to July 2018. Went to the federal court. We recognized that there was a defect in the case, and we sent, we agreed upon a remand. The remand did indeed state that we would revisit the vocational expert testimony. That's not all it stated. Our motion to remand stated that we'll obtain substantial supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's ability to perform other work in the national economy. And there were three other actions that we were going to do on remand, and that was take any further action to complete the administration record, to offer a claimant the opportunity for a hearing. So why did the commissioner agree to a remand? It doesn't seem because there was a defect in the Step 5 finding where the commissioner has the burden of producing evidence of work in the national economy. It doesn't seem fair that the commissioner can agree to a remand and go back and get a more favorable residual functional capacity. Isn't there potential for abuse there on the part of the commissioner? Your Honor, I don't know that we would characterize it as more favorable or less favorable. I understand the claimant considers it to have been a detriment to him. But as far as the remand goes, and this is essentially . . . Well, on remand, the ALJ said he can do light work before the ALJ said he can do sedentary work. So that's more favorable to the commissioner, isn't it? I would say that the commissioner doesn't have an interest in the outcome one way or the other. We just want to get it right. But I understand that it is less favorable to claim . . . He could only do one kind of work, and now he can do even more work. It's a less favorable posture to him for seeking benefits. Let me ask you this. In your brief, you're kind of squirrelly on whether the law of the case actually applies in this context. You sort of say it doesn't, but then you . . . What's your best argument for why we just shouldn't even apply law of the case at all? Well, from our review of what the Eleventh Circuit has held in its published decisions, it tends to construe law of the case as something from an appellate court to a district court. And as far as law of the case goes, I noticed in the Zaniga decision, one of the early ones where the law of the case doctrine was brought up, the court declined to reach the question as to whether or not the case carries on. I'm not sure it is a very good fit for the administrative context versus an appellate to a district court context. The purpose of the law of case doctrine is to preserve rulings and findings for the purpose of that litigation so that there's continuity throughout and there's no reason to relitigate issues. However, actions that are not inconsistent with law of the case are permitted, and it is not a universal doctrine. It's a specific doctrine, and it's focused on what the court has acknowledged or issued rulings on. And in this case, it's not a question of whether the agency has to obey what the district court orders them to do in remand. As noted in the Hollis case, that issue was decided by the Supreme Court in 1989, that we will err if the court gives us instructions and we fail to follow them on remand. That doesn't need to be called law of the case doctrine. That's simply compliance with a court order. Yes, so law of the case doctrine really, I mean, and maybe I'm wrong about this, but it seems like it really more binds you to what you previously did, more so than binds you to follow what the district court tells you to do. Does that make sense? I would not see it. I can't agree with that, Your Honor, simply because it's a little vague. And one of the principles that we think that applies here is that law of the case has to be clear and unambiguous. It's not inferential. It is something that both the parties and the court should understand is something that has been ruled on, has been decided, and doesn't need to be revisited. Well, let me ask you this question now. Do we even need to decide in this case whether the law of the case doctrine or the mandate rule applies to Social Security cases if we have a case like we have here where there were no findings in the order of remand from which you could apply the law of the case doctrine or the mandate rule? There were no findings. Your Honor, that does set out our position. Our position is indeed that the question does not need to be reached simply because there was no specific mandate by the court and no decision on the merits. So if we decide that, we could save that issue for another day, all right? That is correct, Your Honor. But your position, though, is just, I don't disagree with any of that, but I mean your position is that you have to comply with the court order regardless of law of the case. Yes. So I guess what I'm trying to figure out is where does law of the case, like why, like so your position is that law of the case doctrine doesn't really matter here because there were no findings and there was no real argument, you would say, that you violated those findings. Where does law of the case, like where does it matter? Like could you give me a case where this might actually matter? I'm trying to figure that out. For example, if the court had decided, if there was an administrative decision that, for example, would have addressed multiple pages of time, sometimes you have a situation where Title II benefits are decided for a special amount, a certain amount of time, and then Title XVI addressed others, and if you found an error in the Title XVI and remand was ordered specifically to address that issue, I don't believe that the Title II adjudication should be disturbed on remand if the court found no reason for it or if the claimant didn't argue that there was an error with that part of the decision. So that would be a situation. So if the Social Security Administration got a remand from a district court that said specifically look at Part II and they used that remand as an opportunity to open up the entire thing and look at more than Part II, that would be a situation where law of the case might preclude them from doing that, but just following a court order would not. Is that kind of what you're saying? Your Honor, I still think it's not perfect as far as the law of the case doctrine is, as cited by plaintiff's counsel. Yeah, but you've got these other circuits that apply law. That means I'm trying to figure out what are they saying? How do you interpret what they're saying? Well, the Stacey case in particular, and both Stacey and Hollis went the agency's way and did not find that law of the case was present, and they acknowledge that it can apply in the Social Security context, but it shouldn't be applied when the evidence on remand is substantially different. For example, if we had a district court remand to resolve a specific issue, make a specific revisit a certain factual finding that was deemed to be an error, that would be a very targeted remand, and if we were to reopen the case in full, that would be outside the scope of the court's order. Well, theoretically, if on appeal we decided that there are five steps and the court did not err with regard to the first two steps but with regard to the third, and then we remanded it back for consideration on the third step, that would be an instance where the law of the case doctrine or the mandate rule would apply, right? Your Honor, I wouldn't necessarily agree because I think that would simply change the entire paradigm by which these cases are decided, and that is what plaintiff's counsel is arguing for, is a new doctrine, a doctrine that if it is not mentioned in the district court's order, we are prohibited from revisiting that order, and that's counter to our regulations, which state that the scope of inquiry is not limited. That wasn't my hypothetical. The hypothetical would be we made a decision with regard to the first two or three steps to evaluate a claim for disability under the rule, but not the fifth or the sixth, and we remanded it back. Then if we adopted the law of the case doctrine or the mandate rule, it would apply with regard to the steps one, two, and three. Meaning that the agency would be prohibited from revisiting those rules? Yeah, it would be bound by our decision with regard to the first three steps, but not the fourth or the fifth. Your Honor, that would represent a significant departure from current practice and not be consistent with the understanding of the parties or the regulations. I'm so confused. I'm even more confused than I was when I came in here. So you say you've got to follow court orders, right? So if the court order says we don't like step one, reconsider step one, you agree you've got to do that? Absolutely. Okay. If the court order says we don't like step one and it gets sent back, it's your position, I think, that you've got to reconsider step one. The court said you've got to reconsider that. But it's your position you can reconsider the rest of it too. Well, part of it because it's sequential, yes, we do. And part of that is because it wouldn't necessarily always favor the claimant. It, the claimant in this case, the conduct on the hearing accurately did reflect an understanding that the residual functional capacity was locked in and not disturbed. And, indeed, they had a hearing. They put evidence before the agency, and they argued for a different residual functional capacity finding. Now, granted, they wanted one in their favor, but they did not regard the residual functional capacity finding as locked in and not disturbable. I guess I'm having trouble understanding how that's different than law of the case. Because let's say there are three things that happen in a Social Security proceeding, right? And the appeal comes up about issues, things one and two. And we say thing one was bad, thing two was fine. We explicitly say that, right? And then are you saying that there's a different answer for thing three if we apply law of the case versus if we just apply the court order? If this conception of law of the case goes forward, then a remand, we would only be permitted to address what the court authorized us to address. No, but answer my specific hypothetical. In that hypothetical, is there a difference, in your view, between following the court order and the law of the case doctrine? Yes. If the court found that, if I recall your hypothetical correctly, it was that one and two were fine and three was bad? No, one was bad, two was fine, and we just didn't address three. Okay. If the court held that there needed to be a new finding of fact on one, that's what we would need to do. And if we said two was okay, two was properly done? Right. Even if that was redone, the claimant could on remand argue for a different finding as they needed to and as well as three, because the scope of inquiry on remand is not limited by default. Okay. And this is what plaintiff is arguing for, is that we don't have permission unless we are expressly authorized by the court to revisit a finding of fact. But that's not what we proposed in this situation, and it's not what the court ordered. The court ordered for further administrative proceedings, and we proposed a new hearing, and we proposed reopening the record. In fact, we're covering a different time period. Sorry, I don't want to interrupt you, except I do, because I want to make sure I'm understanding. So you're saying that in the unique context of Social Security, perhaps if we affirm factual finding number two, what we're really doing is affirming factual finding number two on the basis of the record that was provided to the Social Security Administrator and then to us. But always it's open for the Social Security Administrator to take new evidence on that issue and reach a different conclusion in a subsequent proceeding. Yes, Your Honor. Okay. Primarily because when there is a remand, the default position is to reopen the record and to allow new evidence and new testimony, and that decision will not address only the time period that was issued in the original decision, but instead the time period through the ALJ's decision. So the second ALJ's decision addressed a period of February 2016 through December 2020, about two and a half years more time than was addressed in the original decision. And because we had to adjudicate that entire period of time, we reopened the record, and the judge can take a fresh look at the evidence as a whole, and that was indeed specified in our remand order, that the decision would be based on the record as a whole as supplemented by plaintiff's counsel on remand, taking into account the new exhibits and the new testimony. But even apart from all these rules and distinctions we're talking about, if an ALJ order is vacated, then doesn't that mean that it doesn't exist anymore in any event? Yes, Your Honor. That's what, in the Zuniga case, they held that, I believe it was Sigma International, published case by this court, controlled, and we agree that it does indeed control because one of the things that the law of the case doctrine or any sort of locking in of an early decision is that that decision be extant, that it exists and be referenceable by the parties. So all the district court order did in this case was to remand the matter to the commissioner for further administrative consideration, and that's it, right? Yes, Your Honor. Okay. So there were no findings or factual findings to which you would apply the mandate rule other than further administrative consideration, right? Yes, Your Honor. Okay. I think we have your argument. My time is up, and the court has no further questions. Thank you. Thank you. I think I can address the difference between the law of the case and the rule of mandate. Let's say that the district court said the administrative law judge was in error in the way they addressed the vocational testimony. It goes back to the administrative law judge, and he says, I don't agree with the district court. I'm still going to rule the exact same way I did before. That violates the law of the case. If I say to the defense counsel, I object to your motion, I want the court to make a decision, and the court says, all right, we're going to make a decision. We're going to affirm the residual functional capacity findings by the judge. We're going to remand the case for vocational testimony. Okay, that's the rule of mandate. Now, the problem with this case is that the basis for the remand was at the suggestion of the defendant to take new vocational testimony. There was never any argument by us or them that there was a problem with the residual functional capacity findings, at least from 2016 to 2018. But do you have to, though, make an argument that there was a problem with everything? Wouldn't that be a waste of everyone's time if you knew that there was a very clear problem, an obvious problem, with one part of the analysis? Do both parties need to make sure to fly spec and find out if there might be a problem with anything else in order to avoid having a mandate rule violation? That's exactly what we're saying. Should I say, no, I'm objecting to their motion because I want the court to be more specific and say that we're only going to address the vocational testimony, not allow the whole thing to be readdressed because that would be a waste of judicial time, a waste of administrative time, to readdress an issue that we're not even disagreeing on. At the appellate level, we didn't disagree with the residual functional capacity findings. Neither did they. The only issue was the vocational issue. Right, but I mean, I think of sometimes immigration cases, too. We'll get mutual requests from both parties to remand because the BIA maybe explicitly didn't consider something that it should have. But I don't know that we always think that that's, especially if the decision is vacated, I don't think we always think that that means that nothing else at all is available for further consideration. It just means we've identified this one major problem that everyone understands and it's efficient to go ahead and send it back to make sure that that's dealt with and then everything else will be sorted out later. Okay, so let's say hypothetically we filed a brief and we said that we don't agree with the judge's residual functional capacity and there was an error in the vocational witness testimony and the court said we're upholding the judge's findings regarding the residual functional capacity. We're affirming that part of the decision, but we're remanding the case for vocational testimony. Now the case is vacated. Is the administrative law judge free to make a different RFC finding or is he bound by the court's order affirming his residual functional capacity findings? And I think that's where the rule of mandate comes into effect. Should the plaintiff have to object to the RFC findings in order to establish that or is it enough that it's implicit in the motion to remand that they're only going to address the vocational testimony? It's pretty unfair for us to get a motion to remand based on vocational testimony and then open the whole thing up. Mr. Steinberg, you lost your father a couple of days ago. Yeah. Well, I had the privilege decades ago, 40 years ago, as a young lawyer, to appear before your father in the 13th Judicial Circuit several times, and he was a fine judge and a fine man, and you have my sympathy and the court's sympathy. I appreciate that. He taught me never to give up, so. Court is in recess until 9 o'clock tomorrow morning. All rise.